1  GREG W. MARSH, ESQ.
2  Nevada Bar No. 322
   LAW OFFICES OF GREG W. MARSH
3  731 South Seventh Street
   Las Vegas, Nevada 89101
4  Tel:  (702) 387-0052
5  Fax: (702) 387-0063
   Gwm4253@aol.com
6
7  Attorney for General Motors LLC

8                      UNITED STATES DISTRICT COURT

9                            DISTRICT OF NEVADA

10

11  MARIE ANTIONETTE GUZMAN, as,          )
    Administrator of the Wrongful Death   )   CASE NO. _____
12  Estates of RAYMOND GUZMAN and         )
    MARY GUZMAN,                          )   GENERAL MOTORS LLC'S NOTICE
13                                         )   OF REMOVAL
                                          )
14                 Plaintiff,             )
                                          )
15  vs.                                   )
                                          )
16                                         )
    THE PEP BOYS MANNY MOE & JACK,        )
17   Pennsylvania corporation; COOPER TIRE )
    & RUBBER  COMPANY, a  Delaware corporation;)
18  GENERAL MOTORS COMPANY, LLC., a Delaware)
    corporation; ROE COMPONENT PART       )
19  MANUFACTURER; ROE                     )
20  CORPORATIONS I through X, inclusive,  )
                                          )
21                 Defendants.            )

22

23        General Motors LLC ("GM LLC"), incorrectly identified as "General Motors Company, LLC,"

24  pursuant to 28 U.S.C. §§ 1332, 1441, removes this action from the District Court, Clark County,

25  Nevada, to the United States District Court for the District of Nevada, and states the following in

26  support:

27        1.        On January 27, 2017, the plaintiff filed this civil action, styled *Marie Antoinette Guzman,*

28  *as Administrator of the Wrongful Death Estates of Raymond Guzman and Mary Guzman v. The Pep*

*Boys Manny Moe & Jack, et al,* Case No. A-17-750192-C, in the District Court, Clark County, Nevada. *See* Compl. GM LLC's agent was served on February 2, 2017. *See* Notice of Service of Process, dated February 3, 2017. As required by 28 U.S.C. § 1446(a), the plaintiff's Complaint is attached to this Notice of Removal as Exhibit A, and all other process, pleadings, and orders served upon GM LLC are attached as Exhibit B.

    2.    This is a products liability action arising out of the deaths of two adults, Raymond and Mary Guzman, in a single vehicle rollover crash that occurred after a tire allegedly became disabled. Compl. ¶¶ 8-12. The plaintiff sues for the alleged wrongful death of plaintiff's decedents and for punitive damages. *Id.* ¶¶ 50-53.

    3.    The plaintiff is and was at all relevant times a citizen of the State of California, where she qualified as the administrator of the decedents' estates and where the decedents lived until their deaths. Compl., ¶ 1.

    4.    GM LLC is a Delaware corporation with its principal place of business in Detroit, Michigan. Compl., ¶ 5.

    5.    The Pep Boys-Manny, Moe and Jack is a Pennsylvania corporation with its principal place of business in Pennsylvania. It is not a citizen of either California or Nevada for purposes of diversity.

    6.    Cooper Tire & Rubber Company is a Delaware corporation with its principal place of business in Ohio. It is not a citizen of either California or Nevada for purposes of diversity.

    7.    "Roe Component Part Manufacturer" is not a corporation or other legal entity. It is a fictitious name used by the plaintiff to describe an unknown company. Compl. ¶ 6.

    8.    The plaintiff and the known defendants are citizens of different states and the defendants are not citizens of Nevada. The citizenship of "Roe" "shall be disregarded" for purposes of the diversity analysis. 28 U.S.C. 1441(b)(1).

    9.    Consistent with Rule 8 of the Nevada Rules of Civil Procedure, the Complaint does not state a monetary demand; rather it states that the demand is in an amount "in excess of" the jurisdictional requirements.

10.     Absent a specific prayer for relief in the Complaint, removal is proper if the removing-defendant shows by a preponderance of the evidence that the monetary value of the relief sought exceeds $75,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(a), 1446(c)(2)(B), *see also, Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398 (9th Cir. 1996); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).  The "amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).  When punitive damages are available to a plaintiff, the court must aggregate punitive and compensatory damages to determine the amount in controversy.  *Bell v. Preferred Life Assurance Assoc.*, 320 U.S. 238, 240 (1943).

11.     In cases such as this, "where the complaint alleges only . . . lower limits or types of damages, a district court is free in its preponderance-of-the-evidence analysis to make estimations of the amount of damages that could be obtained consistent with the vague wording of the complaint." *Henderson v. Wal-Mart Stores, Inc.*, No. 2:15-cv-01453-JAD-GWF, 2015 U.S. Dist. LEXIS 152820, at *3 (D. Nev. Nov. 9, 2015).  Further, courts can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Henderson*, 2015 U.S. Dist. LEXIS 152820, at *3 (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010)).

12.     In this case, the plaintiff seeks to recover for the alleged wrongful deaths of Raymond and Mary Guzman who were killed in the crash.  Compl. ¶ 49.  The plaintiff seeks damages for:

a.      the alleged "disfigurement and extreme pain and suffering" of Raymond and Mary Guzman in an amount exceeding $15,000 (Compl. ¶ 50);

b.      her own and the Guzman's heirs' "grief, sorrow, losses of companionship, society and comfort" in an amount exceeding $15,000 (Compl. ¶ 51);

c.      general damages in an amount exceeding $15,000 (Compl. ¶ 52;

3

       d.     "punitive damages as proscribed by statute" in an amount exceeding $15,000[1] (Compl. ¶ 53);

       e.     "reasonable attorney's fees" (Prayer for Relief, ¶ 6).

13.     Thus, the plaintiff expressly alleges that the amount in controversy exceeds at least $60,000. The real amount in controversy, however, will certainly exceed $75,000 based on the fact that this is a claim for the wrongful deaths and pre-death pain and suffering of two individuals. Compl. ¶ 50.

14.     Courts, in similar circumstances, have held that wrongful death allegations alone are enough to establish that the amount in controversy requirement is met. *See, e.g.*, *Robinson v. Automa, SPA*, No. 13-cv-02305, 2014 U.S. Dist. LEXIS 62382, at *2 (D. Nev. May 5, 2014) (collecting other cases saying the same).

15.     The nature of this wrongful death action and personal injury claim makes it apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs.[2]

16.     This Notice of Removal is timely. It was filed within 30 days of the date GM LLC was served with the Summons and Complaint, as required by 28 U.S.C. § 1446(b). The proper filing fee has also been tendered to the Clerk of this Court.

17.     No other defendant has been "joined and served" in this action, so the consent of others is not required under 28 U.S.C. § 1446(b)(2)(A). *See* Ex. C, Clark County District Court, Nevada, Register of Actions, Case No. A-17-750192-C.

18.     Venue in this Court is proper under 28 U.S.C. § 1441(a), because the situs of the state court action and crash were both within Clark County, which is within the District of Nevada. *See also* 28 U.S.C. § 1391.

---

[1] Unlike other actions, punitive damages as against a manufacturer or distributor, like GM LLC, are not limited to trebling or other statutory caps. N.R.S. ¶ 42.005.

[2] "In ruling on a challenge to subject matter jurisdiction, the district court is ordinarily free to hear evidence regarding jurisdiction and to rule on that issue prior to trial, resolving factual disputes where necessary." *Wong v. Countrywide Home Loans, Inc.*, No. 2:16-CV-1012 JCM (CWH), 2017 U.S. Dist. LEXIS 3387, at *3-4 (D. Nev. Jan. 9, 2017) (quoting *Augustine v. U.S.*, 704 F.2d 1074, 1077 (9th Cir. 1983)). Thus, the Court should afford GM LLC an opportunity to conduct jurisdictional discovery if the amount in controversy is not satisfied by the nature of these claims as plead on the face of the Complaint.

1      19.     Written notice of the filing will be given promptly to all parties who have appeared in
2   this action.

3      20.     A Notice to State Court of Removal, with a copy of this Notice of Removal, will be
4   promptly filed with the Clerk of the District Court, Clark County Nevada, and served on the plaintiff's
5   counsel, as required by 28 U.S.C. § 1446(d).

6      21.     If any question arises as to whether removal is appropriate in this case, GM LLC
7   respectfully requests the opportunity to present briefing and/or oral argument in support of its position
8   that this case is properly removable.

9                                    Conclusion

10      For all of these reasons, General Motors LLC gives notice that this action is removed to the
11   United States District Court for the District of Nevada.

12      DATED this 8th day of February, 2017

13                              LAW OFFICES OF GREG W. MARSH

14

15                              By:_____
16                                  GREG W. MARSH, ESQ.
                                    Nevada Bar No. 322
                                    731 South Seventh Street
17                                  Las Vegas, Nevada  89101

18                              Attorney for General Motors LLC

19                              CERTIFICATE OF SERVICE

20      I hereby certify that on the 8th day of February, 2017, I caused GENERAL MOTORS LLC'S
21   NOTICE OF REMOVAL to be electronically transmitted to the Clerk's Office using the CM/ECF
22   System for filing and served VIA MAIL by placing a true copy thereof in a sealed envelope with
23   postage thereon fully prepaid, in the United Stated Mail to:
24
   David J. Martin, Esq.
25   Richard Harris Law Firm
   810 South Fourth Street
26   Las Vegas, Nevada  89101
   Attorneys for Plaintiff
27
   Pep Boys-Manny Moe & Jack
28   c/o Legal Department

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3111 W. Allegheny Avenue
Philadelphia, Pennsylvania 19132

Cooper Tire & Rubber Company
c/o Legal Department
701 Lima Avenue
Findlay, Ohio 45840

_____
Employee of Law Offices of Greg W. Marsh

Exhibit     A

Electronically Filed
01/27/2017 11:34:18 AM

*[signature]*

CLERK OF THE COURT

**COMP**
DAVID J. MARTIN, ESQ.
Nevada Bar No. 9117
**RICHARD HARRIS LAW FIRM**
801 South Fourth Street
Las Vegas, Nevada 89101
Phone: (702) 444-4444
Fax:  (702) 444-4455
E-Mail: dmartin@RichardHarrisLaw.com
*Attorneys for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| MARIE ANTIONETTE GUZMAN, as Administrator of the Wrongful Death Estates of RAYMOND GUZMAN and MARY GUZMAN,<br><br>Plaintiff,<br><br>vs.<br><br>THE PEP BOYS MANNY MOE & JACK, a Pennsylvania corporation; COOPER TIRE & RUBBER COMPANY, a Delaware corporation; GENERAL MOTORS COMPANY, LLC., a Delaware corporation; ROE COMPONENT PART MANUFACTURER; ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | CASE NO:  A-17-750192-C<br>DEPT NO.   XXXII |

## PLAINTIFF'S COMPLAINT

COMES NOW, Plaintiff, MARIE ANTIONETTE GUZMAN, as Administrator of the Wrongful Death Estates of RAYMOND GUZMAN AND MARY GUZMAN, by and through her counsel, DAVID J. MARTIN, ESQ. of the RICHARD HARRIS LAW FIRM, and for her causes of action against Defendants, and each of them, complains and alleges as follows:

1

## JURISDICTION AND PARTIES

1. At all times relevant, RAYMOND GUZMAN and MARY GUZMAN were citizens of the State of California. On January 12, 2016, the Superior Court of California, County of Los Angeles appointed MARIE ANTIONETTE GUZMAN the administrator of the wrongful death estates of RAYMOND GUZMAN and MARY GUZMAN.

2. At all times relevant, Defendant THE PEP BOYS MANNY MOE & JACK ("PEP BOYS") was and remains a foreign corporation organized under the laws of the Commonwealth of Pennsylvania and authorized to conduct business in Clark County, Nevada.

3. At all times relevant, Defendant COOPER TIRE & RUBBER COMPANY ("COOPER TIRES") was and remains a foreign corporation organized under the laws of the State of Delaware and authorized to conduct business in Clark County, Nevada.

4. At all times relevant, Defendant COOPER TIRE & RUBBER COMPANY ("COOPER TIRES") was and remains a foreign corporation organized under the laws of the State of Delaware and authorized to conduct business in Clark County, Nevada.

5. At all times relevant, Defendant GENERAL MOTORS COMPANY, LLC ("GENERAL MOTORS") was and remains a foreign corporation organized under the laws of the State of Delaware and authorized to conduct business in Clark County, Nevada.

6. The identity of ROE COMPONENT PART MANUFACTURER is unknown at this time; however, Plaintiff believes ROE COMPONENT PART MANUFACTURER to be the manufacturer of the component parts that are the subject of Plaintiff's complaint. Plaintiff requests leave of the Court to amend this Complaint to name ROE COMPONENT PART MANUFACTURER specifically when its identity becomes known.

7. The identity of ROE CORPORATIONS I through X, inclusive is unknown at this time; however, Plaintiff believes ROE CORPORATIONS I through X, inclusive to be the manufacturer of the component parts, installers and other designers that are the subject of Plaintiff's complaint. Plaintiff requests leave of the Court to amend this Complaint to name ROE CORPORATIONS I through X; inclusive ROE specifically when its identity becomes known.

2

## FACTS COMMON TO ALL CAUSES OF ACTION

8. On or about May 17, 2015, Joe Sadot Guzman was operating a 2000 GMC Safari on SR 163 near mile marker 8 in Clark County, Nevada with RAYMOND GUZMAN and MARY GUZMAN as passengers who were restrained by seat-belts.

9. The 2000 GMC Safari was designed and manufactured by Defendant GENERAL MOTORS.

10. The 2000 GMC Safari had each of its tires designed and manufactured by Defendant COOPER TIRES and were purchased from Defendant PEP BOYS.

11. On or about May 17, 2015, at approximately 1:40 pm, while the GMC Safari was travelling on SR 163 near mile marker 8, the left rear tire, designed and manufactured by Defendant COOPER TIRES and sold by Defendant PEP BOYS failed, causing Joe Sadot Guzman to lose control of the vehicle and flipped over onto its roof

12. The Clark County Coroner declared both RAYMOND GUZMAN and MARY GUZAMN deceased at the scene of the crash.

## FIRST CLAIM FOR RELIEF
### (Strict Product Liability)

13. Plaintiff repeats and re-alleges paragraphs 1 through 12 as though the same were fully set forth at length herein.

14. At the time of the crash, Defendant GENERAL MOTORS had placed the 2000 GMC Safari into the stream of commerce and the vehicle was defective and created an unsafe condition due to the inability of its driver to control the vehicle during a tire malfunction and the propensity for the vehicle to flip over was defective and unreasonably dangerous, without limitation, due to defects in the design and manufacture of the vehicle.

15. At the time of the crash, the 2000 GMC Safari was in substantially the same condition as it was when Defendant GENERAL MOTORS placed it in the stream of commerce and the vehicle had not been altered or modified in any manner.

16. Prior to the time of the subject crash, Defendant PEP BOYS had sold tires that were placed on the 2000 GMC Safari, which were designed and manufactured by Defendant

3

1  COOPER TIRES and placed into the stream of commerce that were defective and unsafe.

2  17. At the time of the crash, the subject COOPER tires were in substantially the same
3  condition as they were when Defendant COOPER TIRES and Defendant PEP BOYS placed in
4  the stream of commerce and had not been altered in modified in any manner, other than
5  expected wear and tear.

6  18. The failure of the 2000 GMC Safari and the COOPER tires caused the deaths of
7  RAYMOND GUZMAN and MARY GUZMAN and caused damages in an amount in excess of
8  $15,000.00.

9  19. That Defendants, and each of them, acted with conscious disregard, fraudulently,
10  with express and implied malice and/or oppressively towards Plaintiff and their conduct gives
11  rise to punitive damages as proscribed by statute in an amount in excess of $15,000.00.

12  20. That it has been necessary for Plaintiff to retain an attorney to prosecute this cause
13  of action and she is entitled to attorney fees and costs.

14  **SECOND CLAIM FOR RELIEF**
15  **(Negligence)**

16  21. Plaintiff repeats and re-alleges paragraphs 1 through 20 as though the same were
17  fully set forth at length herein.

18  22. Defendants, and each of them, had a duty to Plaintiff to exercise reasonable care in
19  its design, testing, manufacturing, sale, examining, maintaining, repairing and/or certification
20  of the 2000 GMC Safari and COOPER tires.

21  23. Defendants, and each of them, failed to exercise the reasonable care in its design,
22  testing, manufacturing, sale, examination, maintenance, repair and/or certification of the 2000
23  GMC Safari and COOPER tires.

24  24. Defendants, and each of them, acts and/or omissions are the proximate and legal
25  cause of the failure of the 2000 GMC Safari and COOPER tires.

26  25. The failure of the 2000 GMC Safari and the COOPER tires caused the deaths of
27  RAYMOND GUZMAN and MARY GUZMAN and caused damages in an amount in excess of
28  $15,000.00.

4

RICHARD HARRIS
LAW FIRM

26. That it has been necessary for Plaintiff to retain an attorney to prosecute this cause of action and she is entitled to attorney fees and costs.

### THIRD CLAIM FOR RELIEF
### (Breach of Express Warranty)

27. Plaintiff repeats and re-alleges paragraphs 1 through 26 as though the same were fully set forth at length herein.

28. Defendants, and each of them, expressly warranted that the 2000 GMC Safari and COOPER tires were free from defects.

29. Defendants, and each of them, breached the express warranties, and these breaches of warranty were the proximate and legal cause of the failure of the 2000 GMC Safari and COOPER tires.

30. Defendants, and each of them, acts and/or omissions are the proximate and legal cause of the failure of the 2000 GMC Safari and COOPER tires.

31. The failure of the 2000 GMC Safari and the COOPER tires caused the deaths of RAYMOND GUZMAN and MARY GUZMAN and caused damages in an amount in excess of $15,000.00.

32. That Defendants, and each of them, acted with conscious disregard, fraudulently, with express and implied malice and/or oppressively towards Plaintiff and their conduct gives rise to punitive damages as proscribed by statute in an amount in excess of $15,000.00.

33. That it has been necessary for Plaintiff to retain an attorney to prosecute this cause of action and she is entitled to attorney fees and costs.

### FOURTH CLAIM FOR RELIEF
### (Breach of Implied Warranty of Merchantability)

34. Plaintiff repeats and re-alleges paragraphs 1 through 33 as though the same were fully set forth at length herein.

35. Defendants, and each of them, breached the implied warranty of merchantability, and its breach of warranty was the proximate and legal cause of the failure of the 2000 GMC Safari and COOPER tires

5

36. Defendants, and each of them, acts and/or omissions are the proximate and legal cause of the failure of the 2000 GMC Safari and COOPER tires.

37. The failure of the 2000 GMC Safari and the COOPER tires caused the deaths of RAYMOND GUZMAN and MARY GUZMAN and caused damages in an amount in excess of $15,000.00.

38. That Defendants, and each of them, acted with conscious disregard, fraudulently, with express and implied malice and/or oppressively towards Plaintiff and their conduct gives rise to punitive damages as proscribed by statute in an amount in excess of $15,000.00.

39. That it has been necessary for Plaintiff to retain an attorney to prosecute this cause of action and she is entitled to attorney fees and costs.

## FIFTH CLAIM FOR RELIEF
### (Breach of Implied Warranty of Fitness for a Particular Purpose)

40. Plaintiff repeats and re-alleges paragraphs 1 through 39 as though the same were fully set forth at length herein.

41. Defendants, and each of them, had reason to know the particular purpose for which the 2000 GMC Safari and COOPER tires would be used and that Plaintiffs relied on Defendants' skill and judgment to provide a suitable product.

42. Defendants implicitly warranted that the 2000 GMC Safari and COOPER tires were fit for the particular purpose for which it was required.

43. Defendants, and each of them, breached its implied warranty of fitness for a particular purpose, and its breach of warranty was the proximate and legal cause of the failure of the 2000 GMC Safari and COOPER tires.

44. Defendants, and each of them, acts and/or omissions are the proximate and legal cause of the failure of the 2000 GMC Safari and COOPER tires.

45. The failure of the 2000 GMC Safari and the COOPER tires caused the deaths of RAYMOND GUZMAN and MARY GUZMAN and caused damages in an amount in excess of $15,000.00.

46. That Defendants, and each of them, acted with conscious disregard, fraudulently,

6

with express and implied malice and/or oppressively towards Plaintiff and their conduct gives rise to punitive damages as proscribed by statute in an amount in excess of $15,000.00.

47. That it has been necessary for Plaintiff to retain an attorney to prosecute this cause of action and she is entitled to attorney fees and costs.

## SIXTH CLAIM FOR RELIEF
### (Wrongful Death)

48. Plaintiff repeats and re-alleges paragraphs 1 through 47 as though the same were fully set forth herein.

49. That the subject crash was due to the negligence, strict liability and other causes of action stated herein by Defendants, and each of them, and caused the deaths of RAYMOND GUZMAN and MARY GUZMAN.

50. That as a direct and proximate cause of Defendants' negligence, and each of them, the deceased RAYMOND GUZMAN and MARY GUZMAN suffered disfigurement and extreme pain and suffering in an amount in excess of $15,000.00.

51. That in accordance with Nevada Revised Statutes Chapter 41, Plaintiff and heirs to the Estates of RAYMOND GUZMAN and MARY GUZMAN are entitled to recover special damages in accordance with the Nevada Revised Statutes for RAYMOND GUZMAN and MARY GUZMAN's injuries and for Plaintiff and heir's grief, sorrow, losses of companionship, society and comfort in an amount in excess of $15,000.00.

52. The failure of the 2000 GMC Safari and the COOPER tires caused the deaths of RAYMOND GUZMAN and MARY GUZMAN and caused damages in an amount in excess of $15,000.00.

53. That Defendants, and each of them, acted with conscious disregard, fraudulently, with express and implied malice and/or oppressively towards Plaintiff and their conduct gives rise to punitive damages as proscribed by statute in an amount in excess of $15,000.00.

54. That it has been necessary for Plaintiff to retain an attorney to prosecute this cause of action and she is entitled to attorney fees and costs.

7

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, expressly reserving the right to amend this Complaint prior to or at the time of trial of this action to insert those items of damage not yet fully ascertainable, pray judgment against the Defendant, and each of them, as follows:

1.   General damages in an amount in excess of $15,000.00;

2.   Special damages to be determined at the time of trial;

3.   For a sum in excess of $15,000.00 for punitive damages;

4.   Medical and incidental expenses already incurred and to be incurred;

5.   All statutorily defined damages;

6.   Reasonable attorney's fees and costs of suit;

7.   Interest at the statutory rate; and,

8.   For such other relief as this Court deems just and proper.

DATED this 27th day of January, 2017.

RICHARD HARRIS LAW FIRM

DAVID J. MARTIN, ESQ.
Nevada Bar No. 9117
801 South Fourth Street
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

RICHARD HARRIS
LAW FIRM

8

Exhibit     B

ORIGINAL

SUMM

## DISTRICT COURT
## CLARK COUNTY, NEVADA

MARIE ANTIONETTE GUZMAN, as )
Administrator of the Wrongful Death )      CASE NO:  A-17-750192-C
Estates of RAYMOND GUZMAN and )            DEPT NO.  XXXII
MARY GUZMAN, )
)
Plaintiff, )
)
vs. )
)
THE PEP BOYS MANNY MOE & JACK, )
a Pennsylvania corporation; COOPER TIRE )
& RUBBER COMPANY, a Delaware )
corporation; GENERAL MOTORS )
COMPANY, LLC., a Delaware corporation; )
ROE COMPONENT PART )
MANUFACTURER; ROE )
CORPORATIONS I through X, inclusive, )
)
Defendants. )
)

### SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR
BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW**

To THE DEFENDANT(S): A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

GENERAL MOTORS COMPANY, LLC

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:
   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

/ / /

/ / /

/ / /

/ / /

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the complaint.

Issued at the direction of

By: _____

David J. Martin, Esq.
801 South Fourth Street
Las Vegas, NV 89101
Attorneys for Plaintiff

CLERK OF COURT

JAN 3 0 2017

JOSEFINA SAN JUAN

_____   _____
Deputy Clerk                      Date
County Court House
200 Lewis Avenue
Las Vegas, Nevada 89155

NOTE: When service is by publication, add a brief statement of the object of the action. See NRCP 4(b).   *Revised 03/99/jb*



**CORPORATION SERVICE COMPANY**

## Notice of Service of Process

MD4 / ALL
Transmittal Number: 16194276
Date Processed: 02/03/2017

| | |
|---|---|
| Primary Contact: | Rosemarie Williams<br>General Motors LLC<br>Mail Code 48482-038-210<br>400 Renaissance Center<br>Detroit, MI 48265 |

| | |
|---|---|
| Entity: | General Motors LLC<br>Entity ID Number 3113523 |
| Entity Served: | General Motors Company, LLC |
| Title of Action: | Guzman, Marie, Antionette vs. The Pep Boys Manny Moe & Jack; Cooper Tire & Rubber Company; General Motors Company LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Clark County District Court, Nevada |
| Case/Reference No: | A-17-750192-C |
| Jurisdiction Served: | Nevada |
| Date Served on CSC: | 02/02/2017 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Richard Harrys Law Firm (Las Vegas, NV)<br>702-444-4444 |
| Client Requested Information: | Year: 2000<br>Make: GMC<br>Model: Safari (GMC)<br>VIN: |

| | |
|---|---|
| Notes: | Richard Harris Law Firm, 801 South Fourth St, Las Vegas, NV 89101<br>CSC Location document was served: CSC Services of Nevada, Inc. 2215-B Renaissance Drive Las Vegas, NV 89119 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

Exhibit     C

2/8/2017

Case 2:17-cv-00386-APG-GWF Document 1 Filed 02/08/17 Page 21 of 21

Skip to Main Content Logout My Account Search Menu New District Civil/Criminal Search Refine Search Back    Location : District Court Civil/Criminal    Help

# REGISTER OF ACTIONS
### CASE NO. A-17-750192-C

| | | |
|---|---|---|
| Marie Guzman, Plaintiff(s) vs. Pep Boys Manny Moe & Jack, Defendant(s) | § §  §  §  §  § | Case Type: Product Liability<br>Date Filed: 01/27/2017<br>Location: Department 32<br>Cross-Reference Case Number: A750192 |

---

## PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| Defendant | Cooper Tire & Rubber Company | |
| Defendant | General Motors Company LLC | |
| Defendant | Pep Boys Manny Moe & Jack | |
| Plaintiff | Guzman, Marie Antionette | David J. Martin<br>Retained<br>702-476-0100(W) |

---

## EVENTS & ORDERS OF THE COURT

| | OTHER EVENTS AND HEARINGS |
|---|---|
| 01/27/2017 | Complaint<br>Plaintiff's Complaint |

---

## FINANCIAL INFORMATION

| | Plaintiff Guzman, Marie Antionette<br>Total Financial Assessment<br>Total Payments and Credits<br>Balance Due as of 02/08/2017 | | 270.00<br>270.00<br>0.00 |
|---|---|---|---|
| 01/27/2017<br>01/27/2017 | Transaction Assessment<br>Wiznet | Receipt # 2017-08983-CCCLK | 270.00<br>(270.00) |

Guzman, Marie Antionette