```
1  JOSH COLE AICKLEN
   Nevada Bar No. 7254
2     E-Mail: Josh.Aicklen@lewisbrisbois.com
   PAUL A. SHPIRT
3  Nevada Bar No. 10441
      E-Mail: Paul.Shpirt@lewisbrisbois.com
4  AMBER WHITE-DAVIDSON
   Nevada Bar No. 11739
5     E-Mail: Amber.White-Davidson@lewisbrisbois.com
   LEWIS BRISBOIS BISGAARD & SMITH LLP
6  6385 S. Rainbow Boulevard, Suite 600
   Las Vegas, Nevada 89118
7  702.893.3383
   FAX: 702.893.3789
8  Attorneys for Defendant PEP BOYS MANNY
   MOE AND JACK OF CALIFORNIA
9
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT, NEVADA

| MARIE ANTIONETTE GUZMAN, as Administrator of the Wrongful Death Estates of RAYMOND GUZMAN and MARY GUZMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>THE PEP BOYS MANNY MOE AND JACK OF CALIFORNIA, a Pennsylvania corporation; COOPER TILE & RUBBER COMPANY, a Delaware corporation; GENERAL MOTORS COMPANY, LLC., a Delaware corporation; ROE COMPONENT PART MANUFACTURER; ROE CORPORATIONS I through X, inclusive<br><br>    Defendants. | CASE NO. 2:17-cv-00386-APG-GWF<br><br>DEFENDANT THE PEP BOYS MANNY MOE AND JACK OF CALIFORNIA'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT |
|---|---|

Defendant PEP BOYS MANNY MOE AND JACK OF CALIFORNIA, by and through its counsel of record, Josh Cole Aicklen, Esq., Paul A. Shpirt, Esq., and Amber White-Davidson, Esq., of the law firm LEWIS BRISBOIS BISGAARD & SMITH LLP, hereby moves to establish that its settlement with Plaintiff MARIE ANTIONETTE GUZMAN, as Administrator of the Wrongful Death Estates of RAYMOND GUZMAN and MARY

1  GUZMAN, was made in good faith pursuant to NRS 17.245.

2       This Motion is supported by the papers and pleadings on file in the above-captioned
3  action and the attached Memorandum of Points and Authorities.

4       DATED this 4th day of October, 2017.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
JOSH COLE AICKLEN
Nevada Bar No. 7254
PAUL A. SHPIRT
Nevada Bar No. 10441
AMBER WHITE-DAVIDSON
Nevada Bar No. 11739
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Attorneys for Defendant
PEP BOYS MANNY MOE AND
JACK OF CALIFORNIA

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4814-7400-0977.1                                    2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The instant matter arises out of single car roll-over accident, which fatally injured MARY GUZMAN and RAYMOND GUZMAN. The primary cause of the accident was preliminarily determined to be a tire failure (although the cause of the failure is unknown). The tire in question is a "Dakota" tire, made by COOPER TIRES. As a result of that accident, the estate of MARY and RAYMOND GUZMAN sued COOPER, GENERAL MOTORS and PEP BOYS, claiming that PEP BOYS distributed the subject tire.

However, during discovery, Plaintiff admitted that it had no information linking PEP BOYS to the subject tire. There was no evidence that the subject tire was purchased from PEP BOYS, and there was no evidence that the subject tire was ever installed by PEP BOYS. An internal investigation further revealed that PEP BOYS had no work orders and never performed any work on the vehicle that Plaintiffs were riding in at the time of the subject incident. It appears that PEP BOYS was only named as a Defendant because it typically retails "Dakota" brand tires. But, to wit, there is no evidence that this particular tire was ever purchased new from PEP BOYS. As such, on September 28, 2017, Plaintiff agreed to settle the underlying matter with PEP BOYS and dismiss all claims against PEP BOYS for $5,000.00.

Accordingly, as the parties negotiated this settlement through an arms length transaction, PEP BOYS respectfully requests that this Court find that Plaintiff and PEP BOYS have entered the underlying settlement in good faith.

## II. LEGAL ARGUMENT

### A. Good Faith Settlement Standard

Pursuant to NRS 17.245, "[w]hen a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death:

> (a)   It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide, but it reduces the claim against the others to the extent of any amount

> stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater; and
>
> (b)   It discharges the tortfeasor to whom it is given from all liability for contribution and for equitable indemnity to any other tortfeasor."

See, NRS 17.245.

In evaluating good-faith issues under NRS 17.24, the Nevada Federal District Court evaluates the following factors:

1. The amount paid in settlement;
2. The allocation of the settlement proceeds among plaintiffs;
3. The insurance policy limits of settling defendants;
4. The financial condition of settling defendants; and
5. The existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants."

See, In re MGM Grand Hotel Fire Litig., 570 F. Supp. 913, 927 (D. Nev. 1983).

However, these factors are not exhaustive, and the determination of good faith settlement should be left to the discretion of the trial court based upon all relevant facts available. Azure Manor/Ranco De Paz Homeowners Assoc. v. D.R. Horton Inc., No. 2:15-cv-01623-GMN-VCF, 2016 U.S. Dist. LEXIS 130494, at *5 (D. Nev. Sep. 20, 2016) (citing The Doctors Co. v. Vincent, 120 Nev. 644, 651-52, 98 P.3d 681, 686 (2004)).

B. **Plaintiff and Defendant Reached the Instant Settlement in Good Faith.**

   i.   **The amount paid in settlement.**

The settlement amount represents a fair and reasonable amount in light of complete lack of any liability or involvement as to PEP BOYS. Simply, as evidenced by Plaintiff's responses to written discovery and Admissions, Plaintiff does not have the requisite evidence to meet the required standard of proof to establish any claims against PEP BOYS. Plaintiff, erroneously, assumed that PEP BOYS distributed the subject tire. However, Plaintiff does not have any evidence to support that assertion and, in fact, PEP BOYS' internal investigation revealed that it never serviced the subject automobile in any of its locations. This proposed settlement amount will help avoid substantial and

unnecessary future litigation costs that the parties would incur preparing for trial. Accordingly, as Plaintiff is unable to establish PEP BOYS' liability and the settlement is essentially a nuisance value, the amount PEP BOYS paid is fair and reasonable.

  ii. **The allocation of the settlement proceeds among plaintiffs.**

All settlement proceeds will go to all of the Plaintiff, MARIE ANTIONETTE GUZMAN, as Administrator of the Wrongful Death Estates of RAYMOND GUZMAN and MARY GUZMAN.

  iii. **The insurance policy limits of settling defendants.**

Because of PEP BOYS' lack of liability, the parties did not consider PEP BOYS' insurance policy limits. However, PEP BOYS is self insured for purposes of this litigation and its insurance policy limits are inapplicable.

  iv. **The financial condition of settling defendants.**

Because of PEP BOYS' lack of liability, the parties did not consider PEP BOYS' financial condition. However, PEP BOYS is solvent and continues to operate the business in multiple states.

  v. **The existence of collusion, fraud or tortious conduct aimed to injure the interests of non-settling defendants.**

The parties reached the subject settlement after good faith negotiations at arms length through their respective counsel. There is no evidence that there was any collusion, fraud, or tortious conduct.

Accordingly, applying the aforementioned factors, this Court should find that the parties reached the settlement in good faith.

**C. The Court Should Extinguish and Bar Claims for Contribution and Equitable Indemnity by any Other Parties.**

Upon the Court's finding that Plaintiff and PEP BOYS reached the settlement in good faith, pursuant to NRS 17.245(1)(b), this Court should extinguish and bar any and all claims for contribution and equitable indemnity that were or could have been asserted by any party against PEP BOYS.

### D. CONCLUSION

Based on the foregoing and all of the relevant facts surrounding the settlement, PEP BOYS respectfully requests that this Court find that the parties reached the instant settlement in good faith. Additionally, PEP BOYS requests that this Court dismiss all past, present, and future claims for implied indemnity, equitable indemnity, and contribution against PEP BOYS.

DATED this 4th day of October, 2017.

Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
JOSH COLE AICKLEN
Nevada Bar No. 7254
PAUL A. SHPIRT
Nevada Bar No. 10441
AMBER WHITE-DAVIDSON
Nevada Bar No. 11739
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
Attorneys for Defendant
PEP BOYS MANNY MOE AND
JACK OF CALIFORNIA

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2017, I did cause a true and correct copy of **DEFENDANT THE PEP BOYS MANNY MOE AND JACK OF CALIFORNIA'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT** to be served via US mail as follows:

| | |
|---|---|
| David Martin, Esq.<br>Richard Harris Law Firm<br>801 S. Fourth Street<br>Las Vegas, NV  89101<br>PH  702-444-4444<br>FX  702-444-4455<br>dmartin@richardharrislaw.com<br>*Attorneys for Plaintiff* | Greg W. Marsh, Esq.<br>Law Office of Greg W. Marsh<br>731 S. 7th St.<br>Las Vegas, NV  89101<br>(702) 387-0052<br>Gwm4253@aol.com<br>*Attorneys for Defendant General Motors, LLC* |

J. Christopher Jorgensen, Esq.
Lewis Roca Rothgerber Christie LLP
3993 Howard Hughes Pkwy., Suite 600
Las Vegas, NV 89169
T: 702-949-8200
cjorgensen@lrrc.com
*Attorneys for Defendant Cooper Tire & Rubber Company*

By: /s/ Ariana Dunbar
Employee of LEWIS BRISBOIS
BISGAARD & SMITH LLP

4814-7400-0977.1                                         7