GREG W. MARSH, ESQ.
Nevada Bar No. 322
LAW OFFICES OF GREG W. MARSH
731 South Seventh Street
Las Vegas, Nevada 89101
Tel: (702) 387-0052
Fax: (702) 387-0063
Gwm4253@aol.com

CHRISTOPHER C. SPENCER, ESQ.
Admitted *Pro Hac Vice*
Direct: (804) 285-5220
cspencer@spencershuford.com
JASON M. HART, ESQ.
Admitted *Pro Hac Vice*
jhart@spencershuford.com
Direct: (804) 285-5220
SPENCER SHUFORD LLP
6806 Paragon Place, Suite 200
Richmond, Virginia 23230
Tel.: (804) 285-5200
Fax: (804) 285-5210
cspencer@spencershuford.com

*Attorneys for General Motors LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARIE ANTIONETTE GUZMAN, as, Administrator of the Wrongful Death Estates of RAYMOND GUZMAN and MARY GUZMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>THE PEP BOYS MANNY MOE & JACK OF CALIFORNIA, Pennsylvania corporation; COOPER TIRE & RUBBER COMPANY, a Delaware corporation; GENERAL MOTORS COMPANY, LLC., a Delaware corporation; ROE COMPONENT PART | CASE NO. 2:17-cv-00386-APG-GWF<br><br>JOINT STATUS REPORT PURSUANT TO COURT'S APRIL 12, 2017 ORDER |

1 | MANUFACTURER; ROE CORPORATIONS I )
2 | through X, inclusive, )
  |                                                    )
3 |         Defendants.                                )

Pursuant to this Court's April 12, 2017 order, the parties submit the following Joint Status Report on Discovery. The parties' attempts to agree upon joint language were unsuccessful, so this report includes the positions of each party where they differ.

1.	Although the parties have exchanged initial disclosures, General Motors LLC ("GM LLC") states that the plaintiff has not identified any documents she may use to support her case, in violation of Rule 26(a)(ii). GM LLC has made repeated attempts, via email, phone and letter, to discuss this issue with the plaintiff, but these efforts have been almost entirely ignored. Plaintiff responds that the only document in her possession regarding this accident is the Nevada Highway Patrol Accident Report, which has been disclosed by other parties. Plaintiff further responds that this is a wrongful death action and the decedents' injuries were fatal upon impact, and there was no medical treatment.

2.	The defendants have each issued discovery to the plaintiff. Plaintiff states that she propounded discovery to Cooper Tire & Rubber Company ("Cooper") and has not received the responsive documents to date even though Plaintiff executed the requested protective order without any objection. Plaintiff states that Cooper Tires has not provided any justification as to why these documents have not been disclosed. The internal documents regarding tire design and testing are not something within Plaintiff's possession and controlled exclusively by Cooper Tires. Although the plaintiff responded to Cooper's and the Pep Boys Manny Moe and Jack of California's discovery, she has not responded to GM LLC's, and her responses are now overdue. GM LLC's attempts to contact the plaintiff via email, phone, and letter to discuss have been ignored. GM LLC is preparing and will soon file a motion to compel on this issue.

3.	GM LLC inspected the subject vehicle on October 3, 2017. The plaintiff and Cooper have agreed that Cooper is entitled to custodial inspection of the tire evidence at issue in this case. Cooper states that after providing erroneous tires for inspection, the plaintiff admitted that the subject tires are in the custody of their evidence storage company in California, but has not

facilitated or authorized the shipment of the tire evidence to Cooper. Cooper will be filing a motion to compel in the very near future seeking an order for plaintiff to facilitate the shipment of the tire evidence to Cooper. The plaintiff responds that she is working on shipping the tires but was first ensuring that all parties have had the opportunity for inspection prior to Cooper taking custody for a significant period of time. Plaintiff wants to ensure that all parties have equal opportunity for inspection. Plaintiff could insist that Cooper Tires inspect the tires in California, but has instead worked to facilitate shipment directly to them.

4. The parties have scheduled the depositions of the plaintiff and several fact witnesses for October 24 and 25, 2017.

5. On October 4, 2017, Pep Boys moved this Court for determination of good faith settlement, which is pending with the Court. Pep Boys requests that the Court grant its motion for determination of good faith settlement and grant the relief requested therein. No parties oppose this motion.

6. Although there are no other pending motions before this Court, it is likely that GM LLC will file a motion to compel in the next week. The parties have agreed that the case should go to mediation before Joseph Bongiovi and all parties are available for a December 15, 2017 mediation. Cooper has conditioned its participation on having inspected the tires on the subject vehicle. GM LLC anticipates moving to compel mediation to ensure that all necessary parties fully participate. As noted earlier, Cooper will be filing a motion to compel inspection of tire evidence.

7. Cooper and the plaintiff have reached an agreement on a protective order of confidentiality intended to adequately protect Cooper's trade secret and confidential business information that Cooper has agreed to produce in its initial disclosures. GM LLC has objected to a provision in Cooper's proposed order requiring that Cooper's trade secrets and confidential information not be saved into a law firm database or computer system. To the extent that Cooper and GM LLC are unable to resolve this issue through continued discussion and negotiation, Cooper will be filing a motion for entry of protective order to address this singular issue between it and GM LLC.

Dated: October 12, 2017                              Respectfully Submitted,

SPENCER SHUFORD LLP

By: /s/ Jason M. Hart
CHRISTOPHER C. SPENCER, ESQ.
Admitted *Pro Hac Vice*
JASON M. HART, ESQ
Admitted *Pro Hac Vice*
SPENCER SHUFORD LLP
6806 Paragon Place, Suite 200
Richmond, Virginia 23230

GREG W. MARSH, ESQ.
Nevada Bar No. 322
LAW OFFICES OF GREG W. MARSH
731 South Seventh Street
Las Vegas, Nevada 89101

*Counsel for General Motors LLC*

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: /s/ J. Christopher Jorgensen
J. CHRISTOPHER JORGENSEN, ESQ.
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

TROY VANCIL, ESQ.
NORTON ROSE FULBRIGHT US LLP
300 Convent Street
Suite 2100
San Antonio, Texas 78205

*Counsel for Cooper Tire & Rubber Company*

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ Paul A. Shpirt
PAUL A. SHPIRT, ESQ.
JOSH COLE AICKLEN, ESQ.
6385 South Rainbow Blvd., Suite 600
Las Vegas, NV 89118

*Counsel for The Pep Boys Manny Moe & Jack*

RICHARD HARRIS LAW FIRM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By: /s/ David J. Martin
DAVID J. MARTIN, ESQ.
801 South Fourth Street
Las Vegas, Nevada 89101

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this document was filed via CM/ECF on October 12, 2017. Upon the filing of the document, an email message containing the NEF, with a hyperlink to the electronically filed document, was electronically generated by the ECF system and sent via electronic mail to the email addresses of counsel below, who have registered in the case.

By: /s/ Jason M. Hart

David J. Martin, Esq.
RICHARD HARRIS LAW FIRM
801 South Fourth Street
Las Vegas, Nevada 89101
*Counsel for Plaintiff*

J. Christopher Jorgensen, Esq.
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

Troy Vancil, Esq.
NORTON ROSE FULBRIGHT US LLP
300 Convent Street
Suite 2100
San Antonio, Texas 78205
*Counsel for Cooper Tire & Rubber Company*

Josh Cole Aicklen, Esq.
Paul A. Shpirt, Esq.
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
*Counsel for Pep Boys Manny Moe and Jack of California*