UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

MARIE ANTIONETTE GUZMAN, as
Administrator of the Wrongful Death Estates
of RAYMOND GUZMAN and MARY
GUZMAN,

    Plaintiff,

vs.

THE PEP BOYS MANNY MOE & JACK, a
Pennsylvania corporation; COOPER TIRE &
RUBBER COMPANY, a Delaware
corporation; GENERAL MOTORS
COMPANY, LLC, a Delaware corporation;
ROE COMPONENT PART
MANUFACTURER; ROE
CORPORATIONS I through X, inclusive,

    Defendants.

Case No.: 2:17-cv-00386-APG-GWF

## **PROTECTIVE ORDER OF CONFIDENTIALITY**

1. **"Confidential Material."** As used in this Protective Order of Confidentiality, **confidential material** shall refer to **records** and/or things of any party from whom production is requested in this lawsuit (hereinafter "Producing Party"), which the Producing Party contends in good faith are protected as trade secrets, confidential commercial information, medical information, or financial information pursuant to state and/or federal law, and are not of public record. All **confidential material** is the exclusive, inalienable property of the Producing Party.

2. **"Records."** As used in this Protective Order of Confidentiality, **records** shall mean information that is in document form, inscribed or otherwise recorded on a tangible medium, or that is stored in an electronic or other medium and is retrievable in perceivable form. **Records** includes both electronic records and printed, typewritten, and other tangible records.

3. **Scope.** This Protective Order of Confidentiality shall govern **confidential material** produced or disclosed by any Producing Party in response to formal or informal

discovery conducted in this lawsuit. Nothing in this Protective Order of Confidentiality shall be deemed to preclude the Producing Party's right to: (a) oppose discovery on grounds not addressed under the terms of this Protective Order of Confidentiality, or (b) object on any ground to the admission of any **confidential material** into evidence at trial. Further, nothing contained in this Protective Order of Confidentiality shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the **confidential material** sought.

4. **Designation of Confidential Material.** Any Producing Party may designate as **confidential material** all or any portion of **records** and/or things it produces formally or informally to other parties to this litigation, their counsel, and/or any **authorized person** (as defined below) to whom they have provided access to **confidential material** (collectively referred to hereinafter as the "Recipients"). The designation of **confidential material** shall be made by any practicable means, including placing on the thing so designated, such that it will not interfere with its legibility, an appropriate notice such as the following: "**confidential**" or "**confidential material.**" **Confidential material** will be Bates stamped, if appropriate. All **records** and things designated as **confidential material** shall be treated as such pursuant to the terms of this Protective Order of Confidentiality until further order by the Court.

5. The inadvertent, unintentional, or *in camera* production of any **confidential material** shall not, under any circumstances, be deemed a waiver, in whole or in part, of the confidentiality of the **confidential material** in question. If the Producing Party should inadvertently produce any **confidential material** not responsive to a formal request for production and/or an order of the Court, and/or inadvertently fail to redact **confidential material** not discoverable in this lawsuit, the Recipients shall immediately return the **confidential**

**material**, including all copies or reproductions thereof, to the Producing Party, and shall make no use of the **confidential material** for any purpose until further order by the Court.

6. **Objection to Designation.** If any party objects to the designation of any **record** or thing as **confidential material**, that party shall promptly notify all other parties in writing no later than 120 days before trial, specifying the factual and legal bases for the objection. If the dispute is not resolved by agreement, it shall be submitted to the Court. Pending such determination by the Court (or the expiration of the period in which the Producing Party may make a challenge to an adverse ruling, if later), the **records** and/or things shall be maintained as **confidential material**.

7. **Access to Confidential Material.** Access to **confidential material** shall be limited to **authorized persons**, solely in the performance of their duties in connection with trial preparation of this lawsuit. **Authorized persons** are:

(a) Counsel of record for any parties to this lawsuit and attorneys who are full-time members of law firms of said counsel of record (specifically excluding contract, part-time or "associated" attorneys who are not counsel of record to this lawsuit);

(b) Paralegal, secretarial, administrative, and legal personnel working under the direction and control of those counsel of record for any party to this lawsuit and who have consented to this Protective Order of Confidentiality and have signed the Promise of Confidentiality; and

(c) Independent professional engineers, accident reconstructionists, or other independent, forensic experts retained by counsel for any party to this lawsuit, and who have consented to this Protective Order of Confidentiality and signed the Promise of Confidentiality.

Counsel of record for the party who grants access to **confidential material** to an **authorized person** identified in subparagraphs (b) or (c) of this paragraph shall be solely responsible for ensuring full compliance by said **authorized person** with this Protective Order.

Access to **confidential material** shall not be given to any person or entity not specifically described above, including to members of the general public. However, nothing in this Protective Order of Confidentiality shall prohibit the Producing Party, its employees, and its attorneys from confidential use of the **confidential material** as they deem appropriate, and any such confidential use shall not destroy the confidentiality of the **confidential material** in question.

**Authorized persons** shall include only those attorneys who are counsel of record for the parties to this civil action. **Authorized persons** shall not include any organization or entity that regularly maintains and/or disseminates documents or information (including abstracts or summaries), or any other **records** as a service to its members, subscribers, or others.

Without written consent of counsel of record for the Producing Party or further order of this Court, Recipients shall not provide access to **confidential material** to any competitor of the Producing Party (*i.e.*, entity involved in commercial research, development, production, or testing of vehicles or tires) or any current employee of such competitor of the Producing Party or who, in the following two years, expects to be an employee of such a competitor.

8.   **Promises of Confidentiality.**   Each **authorized person** identified in subparagraphs 7(b) and (c) above who receives access to any **confidential material** shall first be given a copy of this Protective Order of Confidentiality and advised by the counsel of record making the disclosure that such **authorized person** must not divulge any **confidential material** to anyone other than **authorized persons** in the preparation or trial of this lawsuit. The Promise

of Confidentiality attached hereto as Exhibit A must be signed by each such **authorized person** receiving any **confidential material** in advance of receipt. The signed original of each such Promise of Confidentiality shall be provided to counsel of record for the Producing Party within ten (10) days of execution. In the case of consulting-only forensic experts, counsel of record for the party who retained the consulting-only expert shall maintain the signed original of the Promise of Confidentiality, which shall be provided to the Court and to the Producing Party upon a showing of good cause.

9.      **Storage of Confidential Material.**  **Authorized persons** shall maintain all **confidential material** in a secure location. Unless otherwise agreed to by the parties in writing, **confidential material** may not be entered onto any electronic storage system, other than compact disc, and may not be transmitted via e-mail or other similar media.

10.     **Use of Confidential Material. Authorized persons** shall use the **confidential material** for the purpose of this lawsuit only.

(a) Without limiting the generality of the foregoing sentence, **authorized persons** shall not produce, disclose, or otherwise utilize **confidential material** in any other litigation, whether or not that litigation involves parties to this lawsuit.

(b) If any subpoenas, requests for production, or other forms of discovery in connection with other litigation are served on any **authorized person**, that **authorized person** will immediately notify the Producing Party's counsel of record, provide the Producing Party's counsel of record with a copy of the subpoena or other discovery request, and will file an appropriate objection and/or execute documents prepared by the Producing Party which are necessary to obtain an order from the appropriate court protecting the **confidential material** from being disseminated outside the scope of this Protective Order of Confidentiality.

11.  **Court Records.**  In the event that any **confidential material** is in any way disclosed in any pleading, motion, transcript, videotape, exhibit, photograph, or other material filed with any court, the **confidential material** shall be filed in an attached sealed separate envelope containing the style of the lawsuit marked "CONFIDENTIAL MATERIAL Protected by Court Order," dated and kept under seal by the clerk of that court until further court order. Such **confidential material** shall, however, remain available to personnel authorized by that court and to **authorized persons**. When practicable, however, only the confidential portion of the pleadings filed with the court will be filed in a separate sealed envelope. If any **record** containing **confidential material** is furnished to any court, a duplicate copy with the discrete **confidential material** deleted may be substituted in the public record, if appropriate.

12.  **Depositions.**  If any **confidential material** is used or referred to during any deposition, counsel for the Producing Party may require that only its representatives, **authorized persons**, the deponent, the court reporter, and the camera operator (if the deposition is videotaped) be present for the portion of the deposition dealing with **confidential material**. Within forty-five (45) days of receipt of the completed deposition transcript, counsel for the Producing Party shall designate by page and line the portions for which such claim is made, and give written notice of this designation to all other parties. This designation shall be placed on the first page in the original and all copies of the deposition transcript by the court reporter and by counsel for the parties. Pending such designation, the deposition transcript shall be treated in its entirety as **confidential material**. All exhibits to the deposition transcript previously designated by the Producing Party as **confidential material** shall remain **confidential material** without need for designation. Those portions of the deposition which are designated as **confidential material** shall be bound separately under seal and prominently marked "Confidential Material

Subject to Protective Order." The portions of each deposition so designated shall be returned to trial counsel for the Producing Party within thirty (30) days of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment).

13. **Evidence at Trial.** The procedure under which confidentiality of confidential material may be preserved at trial will be addressed by the Court as a pre-trial matter.

14. **Improper Disclosure.** Should any **confidential material** be disclosed to any unauthorized person, the unauthorized person (a) shall be informed promptly of the provisions of this Protective Order of Confidentiality by the party who first learns of the disclosure, and upon such notice shall be subject to the terms of this Protective Order of Confidentiality; (b) shall be identified immediately to counsel of record for the Producing Party; and (c) shall be directed, if within control of a party or his/her/its counsel, or otherwise asked, to sign the Promise of Confidentiality (Exhibit A). The person or entity who caused the unauthorized disclosure shall obtain the original and all copies of **confidential material** in such unauthorized person's possession. The person or entity who caused the unauthorized disclosure shall be responsible for securing the unauthorized person's assent to the Promise of Confidentiality and may be held responsible for reasonable attorneys' fees, costs, and expenses associated with enforcement of this Protective Order of Confidentiality.

15. **Return of Confidential Material.** Within thirty (30) days of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment), counsel of record for each party shall assemble and return to counsel of record for the Producing Party all **confidential material** produced, including all copies, notes, direct quotes, descriptions, summaries, indices, transcripts, renderings, photographs, recordings, floppy discs, compact discs, DVDs, other magnetic or electronic media, and physical or electronic reproductions of every

kind of such **confidential material,** whether in the possession of said counsel or in the possession of any **authorized person** who gained access to the **confidential material.** To the extent that any notes, summaries or indices of such **confidential material** constitute work product of said counsel, then such notes, summaries or indices and all copies there shall be destroyed, and said counsel shall provide written confirmation of such destruction to counsel of record for the Producing Party. Accompanying the return of all **confidential material,** counsel for all parties shall provide to counsel for the Producing Party executed Certifications in the form attached hereto as Exhibit B (executed by each counsel for the Recipient) and Exhibit C (executed by each expert and anyone else who had access to such **confidential material**). If upon the review of the returned **confidential material,** counsel of record for the Producing Party concludes that not all **confidential material** has been returned, counsel of record for the Producing Party will provide to counsel of record for Recipient a list of those **records** by Bates stamp number which were not returned. If counsel of record for the Recipient is unable to provide or locate those missing **records,** then counsel of record for the Recipient shall execute an affidavit which states: (a) the Bates numbers of those **records** that counsel of record for the Recipient was unable to return; (b) that a diligent and thorough search was conducted of all **authorized persons** who gained access to the **confidential material** through counsel of record for the Recipient and counsel of record for the Recipient was unable to find said **confidential material;** and (c) counsel of record for the Recipient does not have said **confidential material** in his or her possession. Such affidavit shall not relieve counsel for the Recipient from their continuing obligation to return the **confidential material** as set forth in this paragraph.

16. **Applicability of Protective Order as to General Motors.** General Motors LLC stipulates to this protective order only with regard to documents produced by Cooper Tire &

Rubber Company. General Motors LLC is not bound by the terms of this protective order with regard to any other documents."

ORDERED by the Court this 15th day of      November      , 2017.

_____
UNITED STATES MAGISTRATE JUDGE

THIS PROTECTIVE ORDER OF CONFIDENTIALITY AGREED TO BY:

By: _____
    David J. Martin, Esq.
    Richard Harris Law Firm
    801 South Fourth Street
    Las Vegas, NV 89101

*Attorneys for Plaintiff*


By: _____
    Greg W. Marsh, Esq.
    Law Offices of Greg W. Marsh
    731 South Seventh Street
    Las Vegas, Nevada 89101

*Attorney for General Motors LLC*


By: _____
    Paul A. Shpirt, Esq.
    Lewis Brisbois
    6385 South Rainbow Blvd., Suite 600
    Las Vegas, Nevada 89118

*Attorneys for The Pep Boys Manny Moe & Jack*


By: _____
    J. Christopher Jorgensen, Esq.
    Lewis Roca Rothgerber Christie LLP
    3993 Howard Hughes Parkway, Suite 600
    Las Vegas, Nevada 89169

*Attorneys for Cooper Tire & Rubber Company*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MARIE ANTIONETTE GUZMAN, as Administrator of the Wrongful Death Estates of RAYMOND GUZMAN and MARY GUZMAN,

    Plaintiff,

vs.

THE PEP BOYS MANNY MOE & JACK, a Pennsylvania corporation; COOPER TIRE & RUBBER COMPANY, a Delaware corporation; GENERAL MOTORS COMPANY, LLC, a Delaware corporation; ROE COMPONENT PART MANUFACTURER; ROE CORPORATIONS I through X, inclusive,

    Defendants.

Case No.: 2:17-cv-00386-APG-GWF

## EXHIBIT A

### Acknowledgement of Protective Order and Agreement to Be Bound

_____states as follows:

1. I reside at _____ in the city and county of _____ and the state of _____;

2. I have read and understand the Protective Order of Confidentiality dated _____ and entered in *Marie Antionette Guzman, as Administrator of the Wrongful Death Estates of Raymond Guzman and Mary Guzman v. The Pep Boys Manny Moe & Jack, a Pennsylvania corporation; Cooper Tire & Rubber Company, a Delaware Corporation; General Motor Company, LLC., a Delaware corporation; Roe Component Part Manufacturer; Roe Corporations I through X, inclusive*, Case No.: 2:17-cv-00386-APG-GWF (United States District Court for the District of Nevada);

3. If I am engaged by a party as a consultant or expert, I affirm that I am not a competitor nor do I do work for a competitor of any other party to this matter;

4. I agree to comply with and be bound by the provisions of the Protective Order of Confidentiality;

5. Counsel who has retained or consulted with me has explained the terms thereof;

6. I agree to consent to the personal jurisdiction of this Court for matters related to the above-referenced case;

7. I will not divulge to persons other than those specifically authorized by paragraph 7 of the Protective Order of Confidentiality, and will not copy or use, except solely for purposes of this litigation, any confidential document or information as defined by the Protective Order of Confidentiality, except as provided therein.

Date:_____

Signature: _____

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

MARIE ANTIONETTE GUZMAN, as
Administrator of the Wrongful Death Estates
of RAYMOND GUZMAN and MARY
GUZMAN,

Plaintiff,

vs.

THE PEP BOYS MANNY MOE & JACK, a
Pennsylvania corporation; COOPER TIRE &
RUBBER COMPANY, a Delaware
corporation; GENERAL MOTORS
COMPANY, LLC, a Delaware corporation;
ROE COMPONENT PART
MANUFACTURER; ROE
CORPORATIONS I through X, inclusive,

Defendants.

Case No.: 2:17-cv-00386-APG-GWF

# EXHIBIT B

### Attorney's Certification of Confidential Document Return

1. My name is _David J. Martin_ I am counsel of record for _Marie Guzman_ in the lawsuit styled _Guzman v. Pep Boys_ (the "Lawsuit").

2. Pursuant to the requirements set forth in the Protective Order of Confidentiality, I have fulfilled each of my obligations imposed thereby, specifically:

   A. I have returned to counsel of record for the Producing Party (as defined in the Protective Order of Confidentiality) all items produced by the Producing Party subject to the Protective Order of Confidentiality in the Lawsuit, and all copies, notes, direct quotes, descriptions, summaries, indices, transcripts, renderings, photographs, recordings, floppy discs, compact discs, DVDs, other magnetic or electronic media, and physical or electronic reproductions of every kind thereof (collectively referred to herein as "Confidential Material"), as required by the Protective Order of Confidentiality. To the extent that any notes, summaries or indices reflecting Confidential Material constitute my work product, I have destroyed the originals and all copies of such notes, summaries or indices, and I have provide written confirmation of such destruction to counsel of record for the Producing Party.

B.  In compliance with Paragraph 9 of the Protective Order of Confidentiality, I have confirmed that no Confidential Material was intentionally or inadvertently entered on portable electronic or magnetic media (other than compact disc), computer databases and/or computer hard drives (other than as specifically agreed to by the parties in writing). If I discovered that Confidential Material was entered on such media, databases, and/or hard drives, I confirm that such Confidential Material was immediately deleted and written over and destroyed. I have provided to counsel of record for the Producing Party the originals and all copies of any compact disc on which the Confidential Material was produced to me by the Producing Party.

C.  As part of my return of Confidential Material, I have gathered from each person to whom I have given access all Confidential Material in such person's possession. Each such person has executed his own certification attesting that (1) all Confidential Material have been returned to me, and that (2) the person in question did not make Confidential Material available to any other person or entity. Those certifications are attached hereto.

D.  I have not made any Confidential Material, any copies thereof, or any document or thing that reflects or contains Confidential Material, available to any other person or entity.

3.  I understand that I have a continuing obligation under the Protective Order of Confidentiality to locate and immediately return any Confidential Material that were produced to me by the Producing Party in this lawsuit.

4.  I understand that any breach of my obligations under the Protective Order of Confidentiality will subject me to all common law and statutory remedies, as well as civil sanctions levied by this Court.

Date: 9/14/17

Signature: _____

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

MARIE ANTIONETTE GUZMAN, as
Administrator of the Wrongful Death Estates
of RAYMOND GUZMAN and MARY
GUZMAN,

Plaintiff,

vs.

THE PEP BOYS MANNY MOE & JACK, a
Pennsylvania corporation; COOPER TIRE &
RUBBER COMPANY, a Delaware
corporation; GENERAL MOTORS
COMPANY, LLC, a Delaware corporation;
ROE COMPONENT PART
MANUFACTURER; ROE
CORPORATIONS I through X, inclusive,

Defendants.

Case No.: 2:17-cv-00386-APG-GWF

### EXHIBIT C

### Expert's/Authorized Person's Certification of Confidential Document Return

1. My name is _____. I work at _____.

2. I have received access to materials (including documents, transcripts and/or other things) protected by the Protective Order of Confidentiality (collectively referred to herein as "Confidential Material") entered in the lawsuit styled _____ (the "Lawsuit").

3. I have returned all Confidential Material and all copies, notes, direct quotes, descriptions, summaries, indices, transcripts, renderings, photographs, recordings, floppy discs, compact discs, DVDs, other magnetic or electronic media, and physical or electronic reproductions thereof to _____.

4. In compliance with Paragraph 9 of the Protective Order of Confidentiality, I have confirmed that no Confidential Material was intentionally or inadvertently entered on portable electronic or magnetic media (other than a compact disc), computer databases and/or computer hard drives (other than as specifically agreed to by the parties in writing). If I discovered that Confidential Material was entered on such media, databases, and/or hard drives, I confirm that such Confidential Material was immediately deleted and written over and destroyed. I have

returned to the individual identified in paragraph 3 above the originals and all copies of any compact disc provided to me containing Confidential Material.

5.  I have not made any Confidential Material, any copies thereof, or any document that reflects or contains Confidential Material, available to any other person or entity.

6.  I understand that I have a continuing obligation under the Protective Order of Confidentiality to locate and immediately return any Confidential Material thereof that were produced by the Producing Party in this lawsuit.

7.  I understand that any breach of my obligations under the Protective Order of Confidentiality will subject me to all common law and statutory remedies, as well as civil sanctions levied this Court.

Date:_____

Signature: _____